JAP:CAC
F.#2010R00712

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

# M-10-384

- - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

      - against -

THE E-MAIL ACCOUNT KNOWN AND
DESCRIBED AS
ALVYDASBERNOTAS@YAHOO.CO.UK

- - - - - - - - - - - - - - - -X

AFFIDAVIT IN SUPPORT
OF APPLICATION FOR
SEARCH WARRANT_____

(T. 21, U.S.C. §§ 846 and
963)

EASTERN DISTRICT OF NEW YORK, SS:

      JAMES HOLT, being duly sworn, deposes and says:

      1.   I am a Special Agent with United States
Immigration and Customs Enforcement ("ICE"), duly appointed
according to law and acting as such.  As such, I am an
"investigative or law enforcement officer" within the meaning of
Title 18, United States Code, Section 2510(7), that is, an
officer of the United States who is empowered by law to conduct
investigations and to make arrests for offenses enumerated in
Title 18, United States Code, Section 2516.

      2.   I make this affidavit in support of an application
for a search warrant for an account controlled by the electronic
mail service provider known as Yahoo! Inc. ("Yahoo!"), which is
headquartered at Sunnyvale, California.

3.   Among other duties, I am now participating in an investigation relating to the importation of heroin into the United States.  On March 28, 2010, Alvydas Bernotas (the "defendant") was arrested at John F. Kennedy International Airport ("JFK Airport") with over 1 kilogram of heroin on his person.

4.   Upon information and belief, there is probable cause to believe that (a) the Yahoo! E-MAIL account known and described as ALVYDASBERNOTAS@YAHOO.CO.UK (the "SUBJECT E-MAIL ACCOUNT") contains evidence and instrumentalities of a conspiracy to import and to possess with intent to distribute heroin in violation of Title 21, United States Code, Sections 846 and 963.

I.   **Introduction and Background**

5.   I have been a Special Agent with ICE for approximately 3 months.  Prior to that, I was a Special Agent with the Air force Office of Special Investigations for approximately 7 months and military police officer for approximately 7 years.  Throughout my career, I have conducted executions of search warrants and during my tenure with ICE, I have been involved in numerous narcotics investigations.

6.   In my training and experience, I have learned that Yahoo! provides electronic mail ("e-mail") access to the general public, and that stored electronic communications, including opened and unopened e-mail for Yahoo! subscribers may

be located on Yahoo!'s computers. Further, I am aware that computers located at Yahoo! contain information and other stored electronic communications belonging to unrelated third parties. Accordingly, this affidavit and application for search warrant seek authorization solely to search the computer account and/or files following the procedures described herein and in <u>Attachment A</u>.

7. I have personally participated in the ICE investigation of the offense referred to above, and from my personal participation in this investigation and from reports made to me by other law enforcement officers, I am familiar with the facts and circumstances of this investigation. Because this Affidavit is being submitted for the limited purpose of seeking a search warrant, I have not set forth each and every fact learned during the course of this investigation, but simply those facts which I believe are necessary to establish probable cause to support the issuance of a search warrant of the SUBJECT E-MAIL ACCOUNT. Except where otherwise noted, all conversations described in this Affidavit are set forth in part and in substance only.

## II. Background Regarding Computers, the Internet, and E-mail

8. Based on my training, experience and knowledge, I know the following:

a.   The Internet is a worldwide network of computer systems operated by governmental entities, corporations, and universities.   In order to access the Internet, an individual computer user must subscribe to an access provider, which operates a host computer system with direct access to the Internet.   The world wide web ("www") is a functionality of the Internet which allows users of the Internet to share information;

b.   With a computer connected to the Internet, an individual computer user can make electronic contact with millions of computers around the world.   This connection can be made by any number of means, including modem, local area network, wireless and numerous other methods; and

c.   E-mail is a popular form of transmitting messages and/or files in an electronic environment between computer users.   When an individual computer user sends an e-mail, it is initiated at the user's computer, transmitted to the subscriber's mail server, then transmitted to its final destination.   A server is a computer that is attached to a dedicated network and serves many users.   An e-mail server may allow users to post and read messages and to communicate via electronic means.

III.   **Yahoo!**

9.     Based on my training and experience, I have learned the following about Yahoo!:

a.   Yahoo! provides e-mail service to customers utilizing its services.  Subscribers obtain an e-mail account by registering with Yahoo!.  Yahoo! requests subscribers to provide basic information, such as name, zip code and other personal/biographical information.  However, Yahoo! does not verify the information provided;

b.   Yahoo! maintains electronic records pertaining to the individuals and companies for which they maintain subscriber accounts.  These records include account access information, e-mail transaction information, and account application information;

c.   Subscribers to Yahoo! may access their accounts on servers maintained and/or owned by Yahoo! from any computer connected to the Internet located anywhere in the world;

d.   Any e-mail that is sent to a Yahoo! subscriber is stored in the subscriber's "mail box" on Yahoo!'s servers until the subscriber deletes the e-mail or the subscriber's mailbox exceeds the storage limits preset by Yahoo!.  If the message is not deleted by the subscriber, the account is below the maximum limit, and the subscriber accesses the account periodically, that message can remain on Yahoo!'s servers indefinitely;

e.   When the subscriber sends an e-mail, it is initiated at the user's computer, transferred via the Internet to Yahoo!'s servers, and then transmitted to its end destination.

Yahoo! users have the option of saving a copy of the e-mail sent.
Unless the sender of the e-mail specifically deletes the e-mail
from the Yahoo! server, the e-mail can remain on the system
indefinitely.  The sender can delete the stored e-mail message
thereby eliminating it from the e-mail box maintained at Yahoo!,
but that message will remain in the recipient's e-mail box unless
the recipient deletes it as well or unless the recipient's
account is subject to account size limitations;

       f.  A Yahoo! subscriber can store files, including e-
mails and image files, on servers maintained and/or owned by
Yahoo!; and

       g.  E-mails and image files stored on a Yahoo! server
by a subscriber may not necessarily be located in the
subscriber's home computer.  The subscriber may store e-mails
and/or other files on the Yahoo! server for which there is
insufficient storage space in the subscriber's computer and/or
which he/she does not wish to maintain in the computer in his/her
residence.  A search of the files in the computer in the
subscriber's residence will not necessarily uncover the files
that the subscriber has stored on the Yahoo! server.

## IV.  Stored Wire and Electronic Communication Access

       10.  Title 18, United States Code, Chapter 121,
Sections 2701 through 2712, is titled the "Stored Communications
Act" ("SCA").  Section 2703 of the SCA sets forth the procedure

that federal and state law enforcement officers must follow to
compel disclosure of various categories of stored records from
network service providers.  As shown from the following
provisions of Section 2703, the government may compel disclosure
of all stored content and records or other information pertaining
to a customer or subscriber of an electronic communication
service or remote computer service pursuant to a warrant issued
using the procedures described in the Federal Rules of Criminal
Procedure.

     a.   Title 18, United States Code, Section 2703(a)
provides, in part:

> A governmental entity may require the disclosure by a
> <u>provider of electronic communication service</u>[1] of the
> contents of a wire or electronic communication, that is

---

    [1]     "Electronic communication service" is defined as
"any service, which provides to users thereof the ability to
send or receive wire or electronic communications."  18
U.S.C. § 2510(15).  "Electronic communication" is defined as
"any transfer of signs, signals, writing, images, sounds,
data, or intelligence of any nature transmitted in whole or
in part by a wire, radio, electromagnetic, photoelectronic
or photooptical system that affects interstate or foreign
commerce."  18 U.S.C. § 2510(12). "Electronic storage" is
defined as "(A) any temporary, intermediate storage of a
wire or electronic communication incidental to the
electronic transmission thereof; and (B) any storage of such
communication service for the purposes of backup protection
of such communication."  18 U.S.C. § 2510(17).  An
"electronic communications system" is defined as "any wire,
radio, electromagnetic, photo optical or photo electronic
facilities for the transmission of electronic
communications, and any computer facilities or related
electronic equipment for the electronic storage of such
communications."  18 U.S.C. § 2510(14).

> <u>in electronic storage in an electronic communications</u>
> <u>system for one hundred and eighty days or less</u>, only
> pursuant to a warrant issued using the procedures
> described in the Federal Rules of Criminal Procedure by
> a court with jurisdiction over the offense under
> investigation or equivalent State warrant. A
> governmental entity may require the disclosure by a
> provider of electronic communications services of the
> contents of a wire or electronic communication that has
> been in electronic storage in an electronic
> communications system for more than one hundred and
> eighty days by the means available under subsection (b)
> of this section. (Emphasis added).

In other words, the government must obtain a search warrant to

view the contents of a person's e-mail that has been in an ISP's

computer system for less than 180 days.[2]

        b. Title 18, United States Code, Section 2703(b)

provides, in part:

> (1) A governmental entity may require a provider of
> remote computing service to disclose the contents of
> any electronic communication to which this paragraph is
> made applicable by paragraph (2) of this subsection –
>
> > (A) without required notice to the subscriber
> > or customer, if the governmental entity
> > obtains a warrant issued under the Federal
> > Rules of Criminal Procedure or equivalent
> > State warrant . . . .
>
> (2) Paragraph (1) is applicable with respect
> to any electronic communication that is held
> or maintained on that service –
>
> (A) on behalf of, and received by means of
> electronic transmission from (or created by

---

[2]      The statute provides that the government may use a
subpoena to obtain the content of e-mail that has been on
the ISP's computer system for more than 180 days. <u>See</u> 18
U.S.C. § 2703(a)-(b).

means of computer processing of
communications received by means of
electronic transmission from), a subscriber
or customer of such remote computing service;
and

(B) Solely for the purpose of providing
storage or computer processing services to
such subscriber or customer, if the provider
is not authorized to access the contents of
any such communications for purposes of
providing any services other than storage or
computer processing.

    c.   The government may also obtain records relating to

e-mail communications, such as subscriber identifying information

and header information, by way of a search warrant.  See 18

U.S.C. § 2703(c)(1)(A).  No notice to the subscriber is required

either before, during or after the search.  See 18 U.S.C. §

2703(c)(3).

## V.  Facts Supporting Probable Cause

    11.   On March 28, 2010, ICE agents arrested Alvydas

Bernotas (the "defendant") for importation of heroin.  The

defendant arrived at John F. Kennedy International Airport ("JFK

Airport") in Queens, New York, aboard Delta Flight 167 from Accra

Ghana.  Based on the bulky clothes that the defendant was wearing

and the awkward manner in which he was walking, as well as the

fact that he stated that he was not carrying any money or credit

cards, a Customs Border Protection ("CBP") officer conducted a

patdown search of the defendant.

    12.   The patdown revealed a hard object in the

defendant's groin area.  Defendant then voluntarily pulled down his pants to reveal a white diaper.  CBP officers determined that the diaper contained a a clear plastic bag with a brown powdery substance.

13.   The patdown also revealed that the defendant's sneakers had taped packages under each sole insert.  One of the packages was probed, revealing a brown powdery substance.

14.   The brown powdery substance from both the diaper and the sneaker field-tested positive for heroin.  The defendant was then placed under arrest.

15.   After being read his <u>Miranda</u> warnings and waiving them orally and in writing, the defendant told me that he had the names and contact information of other drug couriers on his Yahoo! Email account.  Defendant then voluntarily provided ICE agents with his Yahoo! Email and password.

16.   ICE agents attempted to logon to the defendant's Yahoo! email account, but were unable to obtain access.  When ICE agents explained what had happened to the defendant, the defendant said that his girlfriend must have changed the password.

17.   On March 31, 2010, I obtained a preservation order on the SUBJECT E-MAIL ACCOUNT to preserve the state of the account.

## Conclusion

18.     Based upon the information set forth above,
there is probable cause to believe that a search of the SUBJECT
E-MAIL ACCOUNT will contain evidence of violations of Title 21,
United States Code, Sections 846 and 963.

19.     For these reasons, I request authority to seize
images, all opened and unopened messages and other electronic
content stored in the SUBJECT E-MAIL ACCOUNT, to be searched off-
site in a controlled environment.  Federal law enforcement
officials will review the records sought by the search warrant
and will segregate any messages and content constituting
evidence, fruits, or instrumentalities of violations of federal
criminal law.

20.     Based on the facts set forth above, I believe
there is probable cause to believe that on the computer systems
owned, maintained, and/or operated by Yahoo!, there exists
evidence and instrumentalities of violations of Title 21, United
States Code, Sections 846 and 963.  By this affidavit and
application, I request that the Court issue a search warrant
directed to Yahoo! allowing agents to seize the e-mail and other
information stored on the Yahoo! servers for the computer account
and files specified in Attachment A.  The warrant will be faxed
to Yahoo! personnel who will be directed to produce those
accounts and files.

WHEREFORE, I respectfully request that a search warrant issue, pursuant to Rule 41 of the Federal Rules of Criminal Procedure and 18 U.S.C. §§ 2703(a), authorizing agents of the Department of Homeland Security, Immigration and Customs Enforcement and other law enforcement agents, to search the contents of the SUBJECT E-mail ACCOUNT, and therein to seize the items described in <u>Attachment A</u>, all of which constitute evidence, fruits, and instrumentalities of violations of Title 21, United States Code, Sections 846 and 963.


JAMES HOLT
Special Agent
Department of Homeland Security
Immigration and Customs Enforcement


Sworn to before me this
8th day of April, 2010


The Honorable Roanne L. Mann
United States Magistrate Judge
Eastern District of New York

## Attachment A

## List of Items to be Seized

All records and other stored information pertaining to all stored e-mail, including any attachments, sent by or received by the accounts, whether saved or deleted, whether contained directly in the e-mail account or in a customized "folder," in whatever form kept, in the possession or control of Yahoo! Inc., for the e-mail accounts ALVYDASBERNOTAS@YAHOO.CO.UK, which constitute evidence, fruits and instrumentalities of violations of Title 21, United States Code, Sections 846 and 963.